**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| KIRAN KUMAR NALLAGONDA )<br>11208 Ashford Gables Dr. )<br>Dunwoody, Georgia 30338 )<br>)<br>       Plaintiff, )<br>v. )<br>)<br>OSIRIS THERAPEUTICS, INC. )<br>7015 Albert Einstein Dr. )<br>Columbia, Howard County, Maryland 21046 )<br>)<br>**Serve on:** )<br>**The Corporation Trust Incorporated** )<br>**Registered Agent** )<br>**351 West Camden Street** )<br>**Baltimore, Maryland 21201** )<br>)<br>and )<br>)<br>LODE DEBRABANDERE )<br>c/o Osiris Therapeutics, Inc. )<br>7015 Albert Einstein Dr. )<br>Columbia, Howard County, Maryland 21046 )<br>)<br>and )<br>)<br>GREGORY I. LAW )<br>c/o Osiris Therapeutics, Inc. )<br>7015 Albert Einstein Dr. )<br>Columbia, Howard County, Maryland 21046 )<br>)<br>and )<br>)<br>PHILIP R. JACOBY, JR. )<br>c/o Osiris Therapeutics, Inc. )<br>7015 Albert Einstein Dr. )<br>Columbia, Howard County, Maryland 21046 )<br>)<br>       Defendants. )<br>) | Civil Action No. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

1

## CLASS ACTION COMPLAINT

Plaintiff Kiran Kumar Nallagonda ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Osiris Therapeutics, Inc., ("Osiris" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Osiris Therapeutics, Inc. securities ("Osiris" or "Company") between May 12, 2014 and November 16, 2015, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. Osiris researches and develops biosurgery solutions, focusing on "products for wound care, cartilage repair, and orthopedics, to harness the ability of cells and novel constructs

to promote the body's natural healing."[1] Thus, the Company focuses on regenerative medicine. On its website, the Company states that its therapeutic areas of focus are wound care, sports medicine, and orthopedics. Its current product line "includes Grafix®, a placental derived membrane acting as a cover for acute and chronic wounds; Cartiform®, a viable osteochondral mesh for cartilage repair; and BIO$^{4®}$, a viable bone matrix for bone repair and regeneration."[2]

      3.     Osiris was incorporated in 1992 and is based in Columbia, Maryland. Its shares trade on the NASDAQ under the ticker symbol "OSIR".

      4.     Throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and financial information. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company overstated revenues from several contracts and failed to follow GAAP standards, fixing its financial statements only a year and half later and causing millions in losses to the Company and Investors; and (ii) as a result of the foregoing, Osiris's public statements were materially false and misleading at all relevant times.

      5.     On November 16, 2015, Osiris surprised investors by disclosing that it has "determined to correct the revenue recognition for three contracts which will result in a decrease in product revenues of $1.8 million in the first quarter of 2015, a decrease in product revenue of $1.0 million in the second quarter, an increase in product revenues of $0.8 million in the third quarter of 2015 and a decrease in product revenues of $1.1 million in 2014."[3] Thus, three restatements were made related to distributor relationships, which completely removed about

---

[1] Osiris 10-Q for first quarter of 2014, filed on May 12, 2014.
[2] http://www.osiris.com/therapeutic-areas/ (last visited November 18, 2015).
[3] Osiris 10-Q for third quarter of 2015.

$3.1 million of sales and shifted about $3.9 million of sales between quarters. As a result of these errors, Osiris missed its revenue targets in three of the last four quarters.

6. On this news, Osiris shares fell sharply. They dropped $3.02, or 21.53%, to close at $10.97 on November 17, 2015, damaging investors.

7. As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

10. Venue is proper in this District pursuant to § 27 of the Exchange Act and 28 U.S.C. §1391(b), as defendant is headquartered in this District and a significant portion of the defendants' actions, and the subsequent damages, took place within this District.

11. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12. Plaintiff, as set forth in the attached Certification, acquired Osiris securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13. Defendant Osiris is a Maryland corporation with its principal executive offices located at 1715 Albert Einstein Dr., Columbia, Maryland, 21046. Osiris's common stock trades on the NASDAQ under the ticker symbol "OSIR."

14. Defendant Lode Debrabandere, an individual, has served at all relevant times as the Company's Chief Executive Officer ("CEO").

15. Defendant Gregory I. Law, an individual, has served as Chief Financial Officer during part of the class period and has signed and certified the 10Q filing for the third quarter of 2015.

16. Defendant Philip R. Jacoby, Jr., an individual, served as Chief Financial Officer during most of the class period. He signed and certified all 10Q and other financial filings during the class period.

17. The defendants referenced above in ¶¶ 14 - 16 are sometimes referred to herein as the "Individual Defendants." All defendants together are referred to as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

18. Osiris researches and develops biosurgery solutions, focusing on "products for wound care, cartilage repair, and orthopedics, to harness the ability of cells and novel constructs to promote the body's natural healing."[4] Thus, the Company focuses on regenerative medicine.

---

[4] Osiris 10-Q for first quarter of 2014, filed on May 12, 2014.

On its website, the Company states that its therapeutic areas of focus are wound care, sports medicine, and orthopedics. Its current product line "includes Grafix®, a placental derived membrane acting as a cover for acute and chronic wounds; Cartiform®, a viable osteochondral mesh for cartilage repair; and BIO$^{4®}$, a viable bone matrix for bone repair and regeneration."[5]

19.     Osiris Therapeutics, Inc. was incorporated in 1992 and is based in Columbia, Maryland. Its shares trade on the NASDAQ under the ticker symbol "OSIR".

## Materially False and Misleading
## Statements Issued During the Class Period

20.     Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and financials. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Osiris overstated earnings by $3.1 million, fixing their accounting error and/or failure to disclose only a year and half later; and (iii) as a result of the foregoing, Defendants' statements about the Company's business, operations, and profits were false and misleading and/or lacked a reasonable basis.

## The Truth Emerges

21.     On November 16, 2015, Osiris surprised investors by disclosing that it has "determined to correct the revenue recognition for three contracts which will result in a decrease in product revenues of $1.8 million in the first quarter of 2015, a decrease in product revenue of $1.0 million in the second quarter, an increase in product revenues of $0.8 million in the third quarter of 2015 and a decrease in product revenues of $1.1 million in 2014."[6] Thus, three restatements were made related to distributor relationships, which completely removed about

---

[5] http://www.osiris.com/therapeutic-areas/ (last visited November 18, 2015).
[6] Osiris 10-Q for third quarter of 2015.

6

$3.1 million of sales and shifted about $3.9 million of sales between quarters. As a result of these false accounting statements, Osiris missed its revenue targets in three of the last four quarters.

22. This shocking discrepancy caused shares to plunge, falling $3.02, or 21.53%, to close at $10.97 on November 17, 2015, thereby damaging investors.

23. As a result of Defendants' false statements, wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other class members have suffered significant losses and damages.

## **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

24. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Osiris securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

25. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Osiris securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Osiris or its transfer agent and may be notified of

the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and financials of Osiris;

- whether the Individual Defendants caused Osiris to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Osiris securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

30.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Osiris securities are traded in an efficient market;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NASDAQ and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased, acquired and/or sold Osiris securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

31.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

32.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I
### (Against All Defendants For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder)

33.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

35. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Osiris securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Osiris securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

36. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Osiris securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Osiris's finances and business prospects.

37. By virtue of their positions at Osiris, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

38. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Osiris securities from their personal portfolios.

39. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the CEO and CFO of the Company, the Individual Defendants had knowledge of the details of Osiris's internal affairs and financials, and they signed and certified all relevant financial statements and filings.

40. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Osiris. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Osiris's businesses, operations, past and future financial condition, and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements,

the market price of Osiris securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Osiris's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Osiris securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

41. During the Class Period, Osiris securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Osiris securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Osiris securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Osiris securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

42. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

43. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure

that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II
### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. During the Class Period, the Individual Defendants participated in the operation and management of Osiris, and conducted and participated, directly and indirectly, in the conduct of Osiris's business affairs. Because of their senior positions, they knew the adverse non-public information about Osiris's false financial statements.

46. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Osiris's financial condition and results of operations, and to correct promptly any public statements issued by Osiris which had become materially false or misleading.

47. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Osiris disseminated in the marketplace during the Class Period concerning Osiris's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Osiris to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Osiris within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Osiris securities.

48. Each of the Individual Defendants, therefore, acted as a controlling person of Osiris. By reason of their senior management positions and/or being directors of Osiris, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Osiris to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Osiris and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

49. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Osiris.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: November 23, 2015					/s/ *Alan C. Lazerow*
							Alan C. Lazerow (Bar No. 29756)
							John F. Carlton (Bar No. 06591)
							Seven Saint Paul Street, 13th Floor
							Baltimore, Maryland 21202-1636
							Telephone:  (410) 347-8700
							Facsimile:  (410) 223-4346
							E-mail: alazerow@wtplaw.com
							E-mail: jcarlton@wtplaw.com

								-and-

							**Bronstein, Gewirtz & Grossman, LLC**
							Peretz Bronstein (*pro hac vice* to be filed)
							Yitzchak Soloveichik (*pro hac vice* to be filed)
							Shimon Yiftach (*pro hac vice* to be filed)
							60 East 42nd Street, Suite 4600
							New York, New York 10165
							Telephone: (212) 697-6484
							Facsimile: (212) 697-7296
							Email: peretz@bgandg.com
							Email: soloveichik@bgandg.com
							Email: shimony@bgandg.com

							***Attorneys for Plaintiff***

*2161337*