IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KIRAN KUMAR NALLAGONDA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> OSIRIS THERAPEUTICS, INC., *et. al.* ) <br> ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:15-cv-03562-PX <br><br> **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a securities class action is pending before the Court entitled *Nallagonda v. Osiris Therapeutics, Inc., et al.*, No. 15-cv-03562-PX (the "Litigation");

WHEREAS, the Court has received the Unopposed Motion for Preliminary Approval of the Settlement and Stipulation of Settlement dated June 5, 2018 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiff having made an Unopposed Motion for Preliminary Approval of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

1

WHEREAS all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **February 4, 2019, at 10:00 a.m.**, at the United States Courthouse, 6500 Cherrywood Lane, Suite 400, Greenbelt, MD 20770, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.14 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and Liaison Counsel. The Court may adjourn the Settlement Hearing without further notice to Class Members. Any motion for final approval of the Settlement, and all supporting briefing and exhibits in support of the Plan of Allocation, and Class Counsels' application for attorneys' fees and expenses shall be filed and served by Lead Counsel not later than forty-two (42) days prior to the Settlement Hearing. Any reply papers shall be filed and served no later than twenty-one (21) days prior to the Settlement Hearing.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following Class:

> All persons other than Defendants who purchased or otherwise acquired Osiris securities between May 12, 2014 and November 16, 2015.

Excluded from the Class are any judicial officer hearing the case, Defendants, the officers and directors of Osiris, at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class before the opt-out deadline.

4. The Court finds that the proposed Notice to the Class and its Members meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons entitled thereto.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), Summary Notice for publication and Proof of Claim and Release annexed as Exhibits A-1, A-3 and A-2 to ECF No. 94-7, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto. In addition, the Settlement Administrator shall email the Notice to those Class Members who have notified Osiris that they wish to receive regulatory filings by e-mail.

6. With respect to this certified Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Epiq Class Action & Claims Solutions, Inc. ("Settlement Administrator") is appointed to supervise and administer the notice procedure as well as the distribution of the

Settlement Fund and Net Settlement Fund as more fully set forth below:

(a) Not later than twenty-eight days (28) after entry of this Preliminary Approval Order (the "Notice Date"), Lead Counsel shall cause the Stipulation, this Preliminary Approval Order, and a copy of the Notice to be posted on the following web site: www.OsirisSecuritiesSettlement.com;

(b) Not later than twenty-eight days (28) after entry of this Preliminary Approval Order (the "Notice Date"), Lead Counsel shall begin mailing copies of the Notice, substantially in the form annexed as Exhibit A-1 to ECF No. 94-7, by first class mail to all Class Members who can be identified with reasonable effort;

(c) Not later than twenty-eight (28) days after entry of this Preliminary Approval Order, the Settlement Administrator shall email the Notice to those Class Members who have notified Osiris that they wish to receive regulatory filings by e-mail;

(d) Not later than thirty-five (35) days after entry of this Preliminary Approval Order, Lead Counsel shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3 to ECF No. 94-7, to be published once in Investor's Business Daily, and any other regional newspaper as is deemed appropriate; and

(e) With the mailed or emailed Notice, the Settlement Administrator shall send a Proof of Claim and Release, pursuant to ¶ 4.3 of the Stipulation. Class Members shall submit their Proof of Claim and Release to the Settlement Administrator within one hundred and twenty days (120) after the Notice Date.

(f) On the date that Lead Counsel file their motion for final approval of the Settlement, they shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who held common stock of Osiris purchased during the period beginning May 12, 2014 through and including November 16, 2015, shall send the Notice and the Proof of Claim to the beneficial owners of such Osiris securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Settlement Administrator within ten (10) days of receipt thereof in which event the Settlement Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

9. Any Member of the Class may appear at the Settlement Hearing and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should or should not

be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received within sixty (60) days after the Notice Date, by: Hagens Berman Sobol & Shapiro LLP, Peter E. Borkon, 715 Hearst Avenue, Suite 202, Berkeley, California, 94710; and Hogan Lovells US LLP, Scott Haiber, 100 International Drive, Suite 2000, Baltimore, MD 21202, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Maryland, within sixty (60) days after the Notice Date. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

10. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

11. Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or

reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

12. At or after the Settlement Hearing, the Court shall determine whether Settlement and any application for attorneys' fees or reimbursement of expenses shall be approved.

13. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

14. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it (including this Order or any other orders or judgments entered in connection with the Stipulation or the Settlement) is, or shall be construed as, an admission, presumption or concession by Defendants or their Related Parties, or as evidence, of the truth of any of the allegations in the Litigation, of the validity of any Released Claim, or of any liability, fault, culpability or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission, presumption or concession that Lead Plaintiff, any Class Members, or any of their Related Parties have suffered any damages, harm, or loss. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it (including this Order or any other orders or judgments entered in connection with the Stipulation or the Settlement), shall be referred to or offered as evidence in any pending or future civil, criminal, or administrative action or proceeding (including, without limitation, the action filed on November 2, 2017, in the United States District Court for the District of Maryland, styled as *SEC v. Jacoby, et. al.*, case number 1:17-cv-03230), except in a

proceeding to enforce the Stipulation, to defend against the assertion of the Released Claims, or as otherwise required by law.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

| | |
|---|---|
| 9/4/2018 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |