UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| KIRAN KUMAR NALLAGONDA,<br><br>                        Plaintiff,<br><br>v.<br><br>OSIRIS THERAPEUTICS, INC., *et. al.*,<br><br>                        Defendants. | Case No. 1:15-cv-03562-PX<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated September 4, 2018, and on Lead Plaintiff's Unopposed Motion in Support of Final Approval of Class Action Settlement dated December 20, 2018 in the above-captioned action. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Settlement Agreement dated June 11, 2018 (ECF No. 94-7) (the "Stipulation and Settlement Agreement"), and filed with the Court.

2.    This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies the following Class:

> All persons other than Defendants who purchased or otherwise acquired Osiris securities between May 12, 2014 and November 16, 2015.

Excluded from the Class are any judicial officer hearing the case, Defendants, the officers and directors of Osiris, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class before the opt-out deadline.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of this Settlement, the Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is so numerous that it would be impracticable to join all Class Members as individual parties; (b) the claims of Lead Plaintiff are typical of the claims of the members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

5. The Court grants the Motion for Final Approval of the Settlement and fully and finally approves the Stipulation and Settlement Agreement, hereby incorporating into this Order and Final Judgment the Stipulation and Settlement Agreement, and finding its terms to be fair, reasonable, and adequate under Fed. R. Civ. P. 23 as to the Class and as to the Settling Parties, and directing its consummation pursuant to its terms and conditions.

- 3 -

6.  The Stipulation and Settlement Agreement and the Final Approval Order and Judgment are binding upon, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Releasors;

7.  The Court finds that the notice given to the Class Members pursuant to the Notice Plan (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the final approval hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Fed. R. Civ. P. 23, due process, and all other applicable law;

8.  Class Counsel and the named Plaintiffs adequately represented the Class Members for purposes of entering into and implementing this Agreement and Settlement, and, pursuant to Rule 23, the Court gives final appointment of counsel Hagens Berman Sobol Shapiro LLP, and Hirschler Fleischer, P.C. as Class Counsel in this matter.

9.  The Court dismisses with prejudice all claims in this action and, except as otherwise explicitly provided for in the Agreement, does so without costs awarded to either side;

10. The Court discharges and releases the Releasees from all Released Claims and permanently bars and enjoins the institution and prosecution, by Releasors and/or any other Person not otherwise excluded, of any and all of the Released Claims;

11. The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Persons who have timely and validly requested exclusion from the Class, and accordingly, who shall neither share in nor be bound by the Final Approval Order and Judgment;

12.     The Court determines that the Stipulation and Settlement Agreement and any proceedings taken pursuant to it are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment, or an admission of liability or of any wrongdoing by Defendant or any Releasee or of the suitability of these or similar claims to class treatment for litigation, trial, or any other purpose except settlement; provided, however, that reference may be made to this Agreement and the settlement in such proceedings as may be necessary to effectuate the Agreement;

13.     The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings, if any, concerning the administration, consummation, and enforcement of this Agreement;

14.     The Court authorizes the Settling Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement as shall be consistent in all material respects with the Final Approval Order and Judgment and not limit the rights of the Settling Parties or Class Members; and containing such other and further provisions consistent with the terms of this Agreement to which the Settling Parties expressly consent in writing.

15.     Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation and Settlement Agreement, as well as the terms and provisions hereof.

16.     The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement and is attached to Lead Plaintiff's Unopposed Motion for Final Approval of Settlement, and directs Epiq Class Action & Claims Solutions, Inc., the firm retained by Class

Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

17. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and Settlement Agreement and herein.

18. Upon the Effective Date hereof, and as provided in the Stipulation and Settlement Agreement, Lead Plaintiff shall, and each of the Class Members who have not validly opted out of the Class on behalf of themselves, their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

19. Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class on behalf of themselves, their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

20. Upon the Effective Date, Lead Plaintiff and the Class Members on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal

representatives, and assigns, shall be deemed to have, and by operation of this Judgment shall have, expressly waived the benefits of (i) the provisions of § 1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and Lead Plaintiff and each Class Member on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives and assigns, upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, whether concealed or hidden, which now exist, or heretofore have existed, arising under United States federal, state, local, statutory, or common law, or any other law, rule or regulation whether foreign or domestic, or upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledge, and the Class Members shall be deemed by operation of this

Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

21. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

22. Upon the Effective Date hereof, and as provided in the Stipulation and Settlement Agreement, Lead Plaintiff and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged Defendants and Defendants' counsel from all claims (including the Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action and the Released Claims.

23. Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

24. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Notice Order constituted the best notice practicable under the circumstances, including individual notice to all

members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation and Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21 D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law.

25. Any plan of distribution submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

26. Neither the Stipulation and Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation and Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation and Settlement Agreement.

28.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

29.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation and Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and Settlement Agreement.

30.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation and Settlement Agreement.

31. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 2.4.2019

THE HONORABLE PAULA XINIS
UNITED STATES DISTRICT COURT JUDGE